The Court at General Term (after stating the facts as *528 above) said:—“If, in addition to this, it had also been clearly shown that there was an immediate and actual change of possession, the title of the plaintiff could only have been defeated by proof that his purchase was a participation in a scheme to hinder, delay or defraud the creditors of Ettel & Mackintosh, and the burden of proof in this respect would have been upon the defendants. But it also appeared that the goods so purchased were left with Mackintosh as plaintiff’s agent, for the purposes of a sale for plaintiff’s account, and that thereupon the business of Ettel & Mackintosh was continued by Mackintosh in his name, with the word “ agent ” behind it. Witnesses differed as to whether the whole business was so continued for the benefit of the plaintiff, or whether Mackintosh was the agent of the plaintiff only for the purpose of effecting a sale of the particular goods with some others, and at the same time carried on business for himself. This rendered it necessary that the question as to a change of possession should be submitted to the jury, and the question was so submitted to them upon all the facts, and circumstances of the case. They were instructed that the burden of proof in the case depended entirely upon how they would determine the question of change of possession. As the uncontradicted evidence showed payment of a valuable consideration, this instruction, in view of what was said by the learned judges of the court of appeals who delivered the opinions in Starin v. Kelly (88 N. Y. 418), and Murphy v. Briggs (89 Ib. 446), was probably more favorable to the defendants than it should have been. At any rate it was the most they could claim.”
Isaac N. Miller, for appellants.
Morrison & Kennedy, for respondent.
Opinion by Freedman, J.; Sedgwick, Oh. J., and Truax, J., concurred.
The judgment and order affirmed, with costs.